Brady, J.
It appears from the record in this case that John Greenwood died May 14, I860, leaving a widow,_ the plaintiff, and four children. By his will he substantially devised all his estate to his widow during life or widowhood, his children, under the will, taking the estate given them subject to this life estate. Opposition to the probate of the will having been made, an agreement was entered into, by which it was to be abandoned upon the widow’s paying one-half of the net income to the children during her life, that is, one-eighth to each of the four children. Eliza Jane Wright, one of the children died childless on the 18th of April, 1880, leaving a will by which she devised and bequeathed to her husband all her estate. The will contained the following clause: “ And I intend to include in this devise and bequest all interests acquired and to be acquired by me from the estate of my late father and grandfather.” Her husband died in 1884, leaving a will by which the defendants Holbrook and Foote, were made executors, and who claimed that their testator, under the will of his wife, and the agreement already mentioned, acquired the right to one-eighth of the income of tho estate for the rest of the life or widowhood of the plaintiff. The learned court below sustained the claim. The appellant, however, insists that after the death of Mrs. Wright, the interest acquired by the agreement went to her next of kin. The clause of the agreement upon which the controversy herein ariises, is as follows: “And it is hereby further agreed that in case of the death of either of the said four children during the widowhood of the said party of the first part, she will pay *605 the one-eighth part of said income hereby agreed to be paid to the child so dying, to his or her legal representatives so long as the said, covenant and agreements shall be observed,' performed and fulfilled as above mentioned.”
The learned justice in the court below thought that the phrase 1 ‘ legal representatives ” contained in the clause, means executors or administrators, that being the ordinary signification of the term where reference was made to personal estate only, and he said that a careful consideration of the circumstances under which the agreement was made, had led him to the conclusion that the words in question were meant to have this ordinary meaning.
The agreement as conceded by the learned counsel for the appellant, was equivalent to an assignment to each of the children of one-eighth of the fife estate which could have been disposed of by the owner, and would, of course, pass under her will. It was as he correctly observes, a vested interest pour autre vie-, but while the respondents contend that the clause embracing the words “his or her legal representatives ” was inserted for more abundant caution to confirm this view, he insists-on behalf of his client that the effect of it was to limit the interest granted, by providing what should become of it if either of the children should die before their mother, in which case she agreed to pay the income, not to the executor or administrator which would have been the proper phrase to use, if it had been intended to confirm and carry out the view just suggested, but to “his or her legal representatives,” that is, to his or her brothers and sisters, or their issue and next of kin. And the learned counsel proceeds in his brief to cite a number of cases in which the words legal representatives were held to mean next of kin.
Assuming that what these words means must be determined by the mode and connection in which they are used, the mode and connection in which they are used in this case makes it apparent that the interest, being an absolute undertaking to pay a certain sum, thus creating an absolute right to receive and transfer it, authorized and legalized the disposition of it by will to any person or persons whom the testator thought proper to name; and this absolute right cannot be interfered with by any interpretation hostile to that view. Where the object and design of an agreement, as understood by both parties, is to change the ordinary .signification of a phrase, there should be something in. the instrument itself, if there exists no proof which could be given aliunde to show such object and design. From the will of Mrs. Wright, however, it conclusively appears that she regarded the agreement as one conferring upon her an absolute right to receive one-eighth of the income and the *606 right of disposition in any manner that she thought proper, .regarding it as part of her father’s estate, to which, though she was not entitled by the express clauses of the will, she acquired title by compromise, and was thus enjoying and disposing of her own property.
For these reasons, without any extended examination of the cases bearing upon the subject, which may be regarded as somewhat numerous and might lead to confusion, it is thought that the learned judge in the court below was right, and that the judgment should be affirmed.
Daniels and Churchill, JJ., concur.